IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA COVEY<br>225 Redwood Street<br>Harrisburg, PA 17109<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF HARRISBURG<br>10 N. 2nd Street<br>Harrisburg, PA 17101<br><br>   Defendant. | Civil Action No.: <u>1:24-cv-2014-JPW</u><br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT – CIVIL ACTION

Plaintiff, Teresa Covey ("Plaintiff"), by and through her undersigned counsel, for her Amended Complaint against the City of Harrisburg ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

2. Specifically, Plaintiff contends that Defendant subjected her to sex discrimination by involuntarily transferring Plaintiff to the position of Sergeant in

Defendant's Criminal Investigation Division ("CID"), which led to Plaintiff's constructive discharge.

3. As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

4. Plaintiff, Teresa Covey, is a citizen of the United States and Pennsylvania, where she currently maintains an address at 225 Redwood Street, Harrisburg, PA 17109.

5. Defendant, City of Harrisburg, is a municipality organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered address located at 10 N. 2nd Street, Harrisburg, PA 17101.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. On or about December 18, 2023, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (c), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2024-02066. Plaintiff's EEOC Charge was dual filed within one hundred and eighty (180) days of the unlawful employment practice.

8.    By correspondence dated August 22, 2024 Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff that she had ninety (90) days to file suit against Defendant.

9.    Plaintiff filed the instant action within the statutory time frame applicable to her federal claims.

10.    Although one (1) year has not yet passed since Plaintiff dual filed her Charge with the EEOC and the PHRC, courts in this Circuit have adopted a flexible approach to PHRA exhaustion by permitting plaintiffs to maintain PHRA claims if the one (1) year deadline expires during the court proceedings.  O'Malley v. Dowd Marketing, Inc., No. 17-cv-1419, 2018 WL 6313616, at *10-11 (M.D. Pa. Nov. 15, 2018) (citations omitted).

11.    Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

12.    This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.

13.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

15. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania in this judicial district.

## FACTUAL BACKGROUND

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. By way of background, Plaintiff identifies as female.

18. Upon information and belief, until in or around the later part of 2023, Plaintiff was the only female supervisor in all of Defendant's police force.

19. On or about January 8, 2001, Plaintiff was hired as a Police Officer for Defendant, a position which Plaintiff held until on or about January 6, 2020.

20. By way of background, on or about April 4, 2016, Plaintiff applied for the position of Police Motorcycle Operator, a position for which she was qualified based on the eligibility criteria that Defendant listed.

21. Upon information and belief, Plaintiff was the only female applicant (and possible only applicant) for this position, which remained open until at least 2019.

22. On or about September 26, 2017, Plaintiff followed up with Bureau Training Coordinator Sergeant Kenneth Young ("Sgt. Young") to reaffirm her interest in the Police Motorcycle Operator position, and ask for further training for the position.

23. Sgt. Young responded with a noncommittal response and Plaintiff was not promoted to this position.

24. On or about February 21, 2019, Plaintiff reached out to Defendant's Police Commissioner, Thomas Carter ("Commissioner Carter") and asked why the Police Motorcycle Operator position had not been filled.

25. Commissioner Carter asked Plaintiff to send over a copy of her initial application for this position that she had previously submitted on or about April 4, 2016

26. Plaintiff resubmitted her application for the Police Motorcycle Operator position.

27. In response to Plaintiff resubmitting her application for this position, Sgt. Young claimed that there were only two (2) operable motorcycles at that point and that it had been that way for the past two (2) years.

28. Sgt. Young told Plaintiff that there were no positions to fill as a result of there being only (2) operable motorcycles.

29. Plaintiff believed Sgt. Young's response to be inaccurate.

30. On or about January 6, 2020, Plaintiff was promoted to the rank of Police Corporal and assigned to the 2nd Platoon.

31. In or around April 2023, Plaintiff took the required civil service test in an effort to obtain a promotion to Police Sergeant.

32. Plaintiff's score on the civil service test qualified her for the second highest score on the eligibility list out of seven (7) total applicants.

33. During the time between taking the test and on or about July 3, 2023, there were two (2) interviews requested from each of the eligible candidates.

34. The first interview was a formal interview by a panel of four (4) interviewers, including a representative from Defendant's human resources department.

35. The second interview was informal.

36. During her informal interview, Plaintiff told the interviewers that she wanted to be promoted to Sergeant and transferred to Defendant's Criminal Investigation Division ("CID"), for which she already had approximately three (3) months of experience.

37. On or around July 3, 2023, Defendant promoted the sixth-highest scoring candidate, Corporal Matthew Novchich ("Cpl. Novchich"), who identifies as male, to the position of Police Sergeant and transferred Cpl. Novchich to CID.

38. Cpl. Novchich did not have a department prerequisite that was mandatory to be considered for CID, and much less experience overall as a Police Officer than Plaintiff had.

39. Cpl. Novchich, a male candidate who lacked the qualifications to be promoted to Sergeant and transferred to CID, was nevertheless transferred to CID in place of Plaintiff, a female candidate with the requisite qualifications to be promoted to Sergeant and transferred to CID.

40. On or around July 3, 2023, Plaintiff was informed that she would be promoted to Police Sergeant and involuntarily transferred to either First Platoon or Third Platoon, instead of CID.

41. Plaintiff asked Commissioner Carter about why she had not been transferred to CID.

42. Commissioner Carter told Plaintiff to speak to the CID supervisor, Captain Terry Wealand ("Capt. Wealand), and that it was Capt. Wealand's decision not to transfer Plaintiff to CID and to instead involuntarily transfer Plaintiff to First or Third Platoon.

43. Upon information and belief, all personnel decisions are ultimately made by Commissioner Carter, but with input from Defendant's Supervisors, who are all male

44. Plaintiff learned that not all of Defendant's command staff were in the interviews and that no one from Human Resources was present in some interviews.

45. On or about July 5, 2023, Plaintiff was promoted to Police Sergeant and involuntarily transferred to the Uniformed Patrol Division.

46. Plaintiff's assigned division was an unfavorable assignment, as compared to CID.

47. CID handles further investigation of serious cases, is more prestigious than the Uniformed Patrol Division, and has a better work schedule.

48. Plaintiff's schedule in the Uniformed Patrol Division, which was generally either 10:00pm to 6:00am or 11:00pm to 7:00am, made it difficult for her to take care of her family.

49. Had Defendant transferred Plaintiff to CID, her schedule would have generally been 8:00am to 4:30pm, which would have allowed Plaintiff to take care of her family.

50. Because of her involuntary transfer to the Uniformed Patrol Division, which also negatively impacted Plaintiff's future promotional opportunities, Plaintiff retired on or about January 9, 2024.

51. But for Defendant's decision to involuntarily transfer Plaintiff to the Uniformed Patrol Division, Plaintiff would not have retired on or about January 9, 2024.

52. For these reasons, Plaintiff alleges that Defendant involuntarily transferred Plaintiff to CID because of her sex (female), which led to Plaintiff's constructive discharge, in violation of Title VII and the PHRA.

53. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, and emotional pain and suffering.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**29 U.S.C. § 2000e,** *et seq.*
**SEX DISCRIMINATION**

54. Paragraphs 1 through 53 are hereby incorporated by reference as though the same were fully set forth at length herein.

55. Defendant is a political subdivision of the Commonwealth of Pennsylvania.

56. Defendant is therefore an "employer" as defined and covered by Title VII.

57. Defendant involuntarily transferred Plaintiff to CID because of her sex (female), in violation of Title VII.

58. Defendant's decision to involuntarily transfer Plaintiff to CID resulted in her constructive discharge.

59. But for Defendant's decision to involuntarily transfer Plaintiff to the Uniformed Patrol Division, Plaintiff would not have retired on or about January 9, 2024.

60. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

61. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of promotion, earnings, raises, other significant economic benefits, and emotional pain and suffering.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including but not limited to:

A. Back wages, front pay, lost benefits, and compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount;

E.     Such other and further relief as is just and equitable under the circumstances; and,

F.     Any verdict in favor of Plaintiff be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. § 951, *et seq.*
### SEX DISCRIMINATION

62.    Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63.    Defendant is a political subdivision of the Commonwealth of Pennsylvania.

64.    Defendant is therefore an "employer" as defined and covered by the PHRA.

65.    Defendant involuntarily transferred Plaintiff to CID because of her sex (female), in violation of Title VII.

66.    Defendant's decision to involuntarily transfer Plaintiff to CID resulted in her constructive discharge.

67.    But for Defendant's decision to involuntarily transfer Plaintiff to the Uniformed Patrol Division, Plaintiff would not have retired on or about January 9, 2024.

68. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

69. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of promotion, earnings, raises, other significant economic benefits, and emotional pain and suffering.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, lost benefits, and compensatory damages in an amount to be determined at trial;

B. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount;

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

70. Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MARZZACCO NIVEN & ASSOCIATES**

By:  /s/ *Benjamin Salvina*
Benjamin Salvina, Esq.
945 East Park Drive, Suite 103
Harrisburg, PA 17111
TEL: 717-231-1640
FAX: 717-231-1650
bsalvina@klnivenlaw.com
*Attorney for Plaintiff*

Dated: February 24, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

## CERTIFICATE OF SERVICE

I, Benjamin Salvina, Esq. certify that on February 24, 2025, I caused a true and accurate copy of the foregoing to be filed by ECF filing, which will send notification of such filing to the following counsel:

Sheryl L. Brown, Esq.
Theodore T. Speedy, Jr., Esq.
SIANA LAW
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
slbrown@sianalaw.com
ttspeedy@sianalaw.com
*Attorneys for Defendant*

Dated: <u>February 24, 2025</u>     By:  <u>*/s/ Benjamin Salvina*</u>