UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA COVEY, | : | |
| | : | |
| Plaintiff, | : | No.: 1:24-cv-02014-JPW |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARRISBURG, | : | CIVIL ACTION- LAW |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

## DEFENDANT CITY OF HARRISBURG'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, City of Harrisburg (the "City"), by and through its undersigned counsel, Siana Law, LLP, responds to Plaintiff's Amended Complaint (ECF 17) and sets forth Affirmative Defenses as follows:

## INTRODUCTION

1. Admitted in part. Denied in part. It is admitted that Plaintiff asserts violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. § 2000e, *et seq* and the Pennsylvania Human Relations Act ("PHRA"), 3 P.S. § 951, *et seq.*. The City denies the merits of Plaintiff's claims.

2. Admitted in part. Denied in part. It is admitted that Plaintiff alleges she was subjected to discrimination by virtue of her civil service promotion to Sergeant in the Uniform Patrol Division. It is denied she was involuntarily transferred. By way of further response, Plaintiff voluntarily sat for the Civil Service Sergeant's

Promotional Examination and upon successful completion was promoted to Sergeant in the Uniform Patrol Division effective July 5, 2023.

3. Denied.

## PARTIES

4. Admitted upon information and belief.

5. Admitted.

## JURISDICTION AND VENUE

6. Denied. The City incorporates by reference herein its responses to Paragraphs 1-5 as though set forth in full.

7. Admitted in part. Denied in part. Admitted that Plaintiff filed her Charge of Discrimination on December 18, 2023 which speaks for itself. It is admitted that the Charge of Discrimination was filed within 180 days of her promotion to Sergeant. By way of further response, the Charge of Discrimination fails to include her January 9, 2024 resignation or allegations of constructive discharge, as it was filed before her resignation. Therefore, Plaintiff has not exhausted her administrative remedies in reference to the alleged constructive discharge claims asserted in this federal litigation.

8. Admitted.

9. Admitted in part. Denied in part. It is admitted that Plaintiff filed timely claims as to her promotion to Sergeant. It is denied that any other asserted claims are filed within the statutory time frame.

10. Admitted in part. Denied in part. It is admitted that *O'Malley v. Dowd Marketing, Inc.*, 2018 WL 6313616 (M.D. Pa. 2018), a non-precedential slip opinion, speaks for itself. The City otherwise denies the allegation as it constitutes a conclusion of law.

11. Denied.

12. Admitted in part. Denied in part. It is admitted only to the extent that Title VII and PHRA authorize causes of action for employment discrimination. The City denies the merits of Plaintiff's claims.

13. Admitted in part. Denied in part. It is admitted that this Court has jurisdiction over Plaintiff's Title VII claim relating to her promotional claim. It is denied that this Court has jurisdiction over claims which are barred by the statute of limitations; or for which Plaintiff has not exhausted her administrative remedies. By way of further response, the merits of Plaintiff's claims are denied.

14. Admitted in part. Denied in part. It is admitted that 28 U.S.C. § 1367 speaks for itself. The allegation is denied as Plaintiff has not exhausted her administrative remedies as to all asserted allegations.

15. Admitted in part. Denied in part. It is admitted that venue for the Title VII claim is proper. The merits of Plaintiff's claims are denied.

## FACTUAL BACKGROUND

16. Denied. The City incorporates by reference herein its responses to Paragraphs 1-15 as though set forth in full.

17. Admitted.

18. Denied as stated. It is admitted that in the later part of 2023, Plaintiff was the only female serving as a Corporal in the Uniform Patrol Division.

19. Admitted in part. Denied in part. It is admitted that Plaintiff was hired by the City on January 8, 2001. She was promoted to Corporal effective December 12, 2019, and assigned to second platoon of the Uniform Patrol Division. Plaintiff remained employed as a police officer by the City until she voluntarily retired on January 9, 2024.

20. Denied. Based upon information and belief, Plaintiff sought assignment as a Police Motorcycle Operator. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2016 are barred by the applicable statute of limitations.

21. Denied. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2016 -2019 are barred by the applicable statute of limitations.

22. Denied. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2017 are barred by the applicable statute of limitations.

23. Denied. It is denied that assignment to the Police Motorcycle Operator position constituted a promotion. Furthermore, any claim related to the City's actions or inactions in 2017 are barred by the applicable statute of limitations.

24. Denied. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2019 are barred by the applicable statute of limitations.

25. Denied. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2019 are barred by the applicable statute of limitations.

26. Denied. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2019 are barred by the applicable statute of limitations.

27. Denied. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2019 are barred by the applicable statute of limitations.

28. Denied. By way of further response, the City continues its investigation into this allegation. Furthermore, any claim related to the City's actions or inactions in 2019 are barred by the applicable statute of limitations.

29. Denied. The City is without knowledge or information to admit or deny Plaintiff's belief.

30. Admitted. By way of further response, following her successful civil service promotional examination, Plaintiff ranked 2nd on the certified eligibility list and was promoted to Corporal and assigned to the 2nd Platoon of the Uniformed Police Division. She continued in this position until her 2023 promotion and assignment to Sergeant in the Uniformed Patrol Division.

31. Admitted. By way of further response, Plaintiff voluntarily took the Civil Service Sergeant's Examination on March 25, 2023. The Sergeant Promotional Eligibility List was certified on April 20, 2023.

32. Admitted that Plaintiff score ranked 2nd in a field of seven.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted in part. Denied in part. It is admitted that Plaintiff stated her preference for Criminal Investigation Division ("CID"). The remainder of the allegation is denied. By way of further response, in August 2004, Plaintiff was

transferred to the Criminal Investigation Division for a 90-day career development assignment. After this temporary assignment, she was transferred back to her position in the Uniform Patrol Division. Plaintiff was again assigned to a temporary position in Criminal Investigation Division from May 25, 2021 to June 20, 2021.

37. Admitted in part. Denied in part. It is admitted that Officer Novchich was the sixth ranked candidate and was promoted to Sergeant on July 5, 2023. The remainder of the allegation is denied. Sergeant Novchich was not transferred to CID, but, assigned to CID as part of his successful voluntary promotion civil service examination.

38. Denied.

39. Denied. By way of further response, it is denied that Officer Novchich was transferred to CID. Rather, he was assigned to CID as part of his successful voluntarily promotion civil service examination.

40. Admitted in part. Denied in Part. It is admitted that Plaintiff was informed that she would be promoted to Sergeant on or about July 3, 2023. The remainder of the allegation is denied, where Plaintiff's post-promotion assignment was not an involuntary transfer, but the result of her successful voluntary promotion civil service examination.

41. Denied. The assignment to the Uniformed Patrol Division as sergeant, following her successful completion of the civil service examination did not constitute a transfer.

42. Denied. The assignment to the Uniformed Patrol Division as sergeant, following her successful completion of the civil service examination did not constitute a transfer.

43. Denied.

44. Denied.

45. Admitted in part. Denied in part. It is admitted that Plaintiff was promoted to Sergeant effective July 5, 2023 and assigned to Uniform Patrol Division. It is denied that her post-promotional assignment was an involuntary transfer. By way of further response, Plaintiff was assigned as Sergeant to Uniform Patrol Division following her successful voluntary promotion civil service examination, where she worked for approximately six months until her January 9, 2024 resignation.

46. Denied.

47. Denied. By way of further response, the CID assignment requires the Sergeant to be on call twenty-four hours a day, seven days a week.

48. Admitted in part. Denied in part. It is admitted that Plaintiff was assigned to the 10:00pm to 6:00am or 11:00pm to 7:00am shift. It is denied that

Plaintiff had difficulty taking care of her family. It is further denied that Plaintiff advised the City of any family issues.

49. Denied. By way of further response, this schedule is less favorable, as a CID Sergeant is required to be on call twenty-four hours a day, seven days a week.

50. Admitted in part. Denied in part. It is admitted that Plaintiff retired on January 9, 2024. It is denied that Plaintiff suffered an involuntary transfer. By way of further response, Plaintiff worked as a Sergeant in the Uniform Patrol Division from the time of her July 5, 2023 promotion; until her January 9, 2024 resignation.

51. Denied. Plaintiff was not subject to an involuntary transfer but was promoted to Sergeant in Uniform Patrol Division, a voluntary promotion opportunity.

52. Denied. Not only was Plaintiff not the subject of an involuntary transfer, but her assignment to Sergeant in Uniform Patrol Division, followed her successful civil service promotion examination. Any alleged constructive discharge in violation of Title VII and the PHRA is denied as Plaintiff failed to exhaust her administrative remedies in reference to this claim. Plaintiff's claim of constructive discharge also fails as there is no temporal proximity between her resignation (1/9/2024) and her promotion to Sergeant in Uniform Patrol Division (7/5/2023).

53. Denied.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

## 29 U.S.C. §2003, *et seq.*
## <u>SEX DISCRIMINATION</u>

54. Denied. The City incorporates by reference herein its responses to Paragraphs 1-53 as though set forth in full.

55. Admitted.

56. Admitted.

57. Denied. Plaintiff's voluntary promotional assignment did not constitute an involuntary transfer. Therefore, a violation of Title VII is denied.

58. Denied. It is denied Plaintiff's resignation constituted a constructive discharge. By way of further response, Plaintiff failed to exhaust her administrative remedies in reference to her constructive discharge claim. Furthermore, there is no temporal proximity between her resignation and her promotion to Sergeant in Uniform Patrol Division.

59. Denied. Plaintiff was not subject to an involuntary transfer. By way of further response, Plaintiff failed to exhaust her administrative remedies in reference to her constructive discharge claim. Furthermore, Plaintiff's January 2024 retirement has no temporal proximity to her voluntary promotional assignment as Sergeant in Uniform Patrol Division; nor does her retirement constitute a constructive discharge.

60. Denied.

61.  Denied. By way of further response, Plaintiff resigned on January 9, 2024, approximately 6 months following her voluntary promotion assignment (July 5, 2023).

**WHEREFORE,** Defendant City of Harrisburg demands judgment in its favor and against Plaintiff along with costs and attorney's fees and other such relief that this Court deems just and appropriate.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. §951, *et seq.*
## SEX DISCRIMINATION

62.  Denied. The City incorporates by reference herein its responses to paragraphs 1-61 as though set forth in full.

63.  Admitted.

64.  Admitted.

65.  Denied. By way of further response, Plaintiff's voluntary promotion assignment did not constitute an involuntary transfer. By way of further response, Plaintiff was promoted to Sergeant in the Uniform Patrol Division following her successful completion of her civil service examination.

66.  Denied. It is denied Plaintiff's resignation constituted a constructive discharge. By way of further response, Plaintiff failed to exhaust her administrative remedies in reference to her constructive discharge claim. Furthermore, there is no

11

temporal proximity between her resignation and her promotion to Sergeant in Uniform Patrol Division

67. Denied. Plaintiff was not subject to an involuntary transfer. By way of further response, Plaintiff failed to exhaust her administrative remedies in reference to her constructive discharge claim. Furthermore, Plaintiff's January 2024 retirement has no temporal proximity to her July 2023 voluntary promotional assignment as Sergeant in Uniform Patrol Division; nor does her retirement constitute a constructive discharge.

68. Denied.

69. Denied. By way of further response, Plaintiff resigned on January 9, 2024, approximately 6 months following her voluntary promotion assignment (July 5, 2023).

**WHEREFORE,** Defendant City of Harrisburg demands judgment in its favor and against Plaintiff along with costs and attorney's fees and other such relief that this Court deems just and appropriate.

### JURY DEMAND

70. The City hereby demands a trial by jury.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the City upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all times material hereto, the City's actions did not violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) or the Pennsylvania Human Relations Act, 43 P.S. §951 et seq.

**THIRD AFFIRMATIVE DEFENSE**

No act, action, or omission of the City was the proximate or legal cause of any damage allegedly sustained by Plaintiff and this constitutes a complete defense to the within causes of action.

**FOURTH AFFIRMATIVE DEFENSE**

All pertinent conduct and action taken by the City was done in accordance with all established and existing laws, rules, regulations, statutes and constitutions of the United States and the Commonwealth of Pennsylvania.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not been significantly harmed, harmed, or sustained any recoverable damages.

**SIXTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any damages as alleged, then such damages were not caused by any violations of Plaintiff's rights under any applicable laws of the United States or the Commonwealth of Pennsylvania.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, Plaintiff failed to mitigate her damages; and/or her damages are limited or barred by virtue of her January 9, 2024 retirement.

## EIGHTH AFFIRMATIVE DEFENSE

The City acted reasonably and prudently, consistent with all duties and obligations upon it by existing law.

## NINTH AFFIRMATIVE DEFENSE

The City treated Plaintiff in a legitimate and non-discriminatory manner at all relevant times and did not treat Plaintiff differently based upon any protected characteristic or association, including, but not limited to sex.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's participation in the Civil Service Promotional Examination process for promotion to Sergeant was voluntary.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request to be assigned to Criminal Investigation Division subsequent to her promotion was not a request for transfer; nor did it constitute an involuntary transfer.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's promotion and subsequent assignment to Uniform Patrol Division was based upon legitimate and non-discriminatory reasons, without any intent of discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

The City did not take any materially adverse employment action against Plaintiff relating to her rights under Title VII or the PHRA stemming from her voluntary promotional assignment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's decision to retire was voluntary, and did not constitute constructive discharge.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no temporal or causal connection between Plaintiff's promotion and assignment to Uniform Patrol Division and her voluntary decision to retire six months later.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's subjective preference for promotional assignment is insufficient to support a claim of discrimination.

## SEVENTHEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies related to her constructive discharge claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations fail to meet the elements necessary for constructive discharge.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages from the City. See, *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Respectfully submitted,

**SIANA LAW**

By: */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
Theodore T. Speedy, Jr., Esquire, I.D. #330386
Attorneys for Defendant, *Corporal Donald Bender*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500
(F): 610.321.0505
slbrown@sianalaw.com | ttspeedy@sianalaw.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA COVEY, | : |
| Plaintiff, | : No.: 1:24-cv-02014-JPW |
| v. | : |
| CITY OF HARRISBURG, | : CIVIL ACTION- LAW |
| | : JURY TRIAL DEMANDED |
| Defendant. | : |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of the *Defendant City of Harrisburg's Answer to Plaintiff's Amended Complaint with Affirmative Defenses* was served upon the following via ECF:

Faith Fogle Pensinger, Esq.
Marzzacco Niven & Associates
945 East Park Drive, Suite 103
Harrisburg, PA 17111

**SIANA LAW**

Date: March 10, 2025    By:    */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
Theodore T. Speedy, Jr., Esquire, I.D. #330386
Attorneys for Defendant, *City of Harrisburg*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500  (F): 610.321.0505
slbrown@sianalaw.com
ttspeedy@sianalaw.com